**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Araya Wolde-Giorgis, and his family members,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Mr. Alex Dillard, Mr. William Dillard II, Mr. Dan Jensen, Ms. Deirdre Andrews and Dillard's Inc.,,<br><br>　　　　　Defendants. | No. CV 06-0289-PHX-MHM<br><br>**ORDER** |

Plaintiffs Araya Wolde-Giorgis proceeding pro se, and unidentified family members, commenced this action by filing a complaint in the Superior Court of Maricopa County, Arizona, asserting various federal and state law claims. All pleadings, affidavits and appearances in this case have been by Plaintiff Araya Wolde-Giorgis. Plaintiffs initially named as defendants Mr. Bradbury H. Anderson, Mr. Justin Guy, Best Buy of Minnesota, Inc., Illinois National Insurance Company, American International Group ("AIG"), Mr. Alex Dillard, Mr. Dan Jensen, and Dillard's, Inc. (referring hereafter to Messrs. Dillard and Jensen and Dillard's, Inc. as "the Dillard's Defendants"). Plaintiffs' various claims were based on allegations that they had bought merchandise at Best Buy and Dillard's, Inc., and they were discriminated against on account of their race and national origin when they attempted to return the merchandise at respective Phoenix-area stores. Plaintiffs' original complaint sought one million dollars in compensatory damages and one million dollars in

punitive damages. The Dillard's Defendants removed the case to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, diversity jurisdiction, 28 U.S.C. § 1332, and supplemental jurisdiction, 28 U.S.C. § 1367.

The docket in this case shows several pending motions filed by the parties. The Court now enters this Order on these pending motions. The Court has determined that oral argument would not materially assist in its decision.

I.

Background.

After this case was removed, Plaintiffs filed a motion for recusal on February 6, 2006. (Doc. 17). This case was originally assigned to Judge Roslyn O. Silver. On February 9, 2006, this case was re-assigned to this Court. (Doc. 18). Plaintiffs' motion for recusal (Doc. 17) is denied as moot.

Following removal, the Dillard's Defendants filed a motion for partial dismissal of claims and parties (Doc. 9 & 11), a partial answer (Doc. 10), and a motion to sever the non-Dillard's defendants and claims. (Doc. 7). In addition to filing a response to these motions (Doc. 22 & 27), Plaintiffs filed a motion for sanctions. (Doc. 21). Plaintiffs also filed a renewed motion for extension of time to accomplish service upon remaining defendants (Doc. 16), a motion to file an amended complaint (Doc. 24), with notice that the proposed amended complaint had been lodged (Doc. 25), and another motion for extension of time to effect service. (Doc. 26). Plaintiffs' proposed amended complaint added William Dillard II and Deirdre Andrews as Dillard's Defendants. (Doc. 24 & 25). The Dillard's Defendants filed a motion asking for a status conference under Fed.R.Civ.P. 16. (Doc. 28).

The Court held a Rule 16 Scheduling Conference on June 8, 2006. (Doc. 32). Plaintiff Araya Wolde-Giorgis but no other plaintiff appeared at the Rule 16 Conference. At the time of the Rule 16 hearing, only Defendant Dillard's Inc., had been served with the complaint. The individual Dillard's Defendants and the Best Buy Defendants had not been served. During the hearing, Plaintiffs agreed to proceed against the Dillard's Defendants only and not as to the Best Buy Defendants. (Doc. 32). The Court therefore granted the Dillard's

1  Defendants' motion to sever. (Doc. 7 & 32). The Rule 16 Scheduling Order set the
2  following deadlines: initial disclosures due June 16, 2006; motions under Fed.R.Civ.P.
3  12(b), motions to amend the complaint and motions to join additional parties due July 17,
4  2006; Plaintiffs' expert disclosures by August 30, 2006, Defendants' expert disclosures by
5  September 29, 2006 and rebuttal experts by October 30, 2006; a discovery cutoff date of
6  December 1, 2006; and a dispositive motion deadline of January 12, 2007. (Doc. 33).

Following the date of the Scheduling Conference, Plaintiffs filed a motion for reconsideration of the Scheduling Order on June 29, 2006. (Doc. 35). In this motion for reconsideration, Plaintiffs indicated that they intended to file an amended complaint by July 17, 2006, the date set in the Scheduling Order, and that they were requesting service of the amended complaint by the U.S. Marshal based on in forma pauperis status and additional time to effect service. Plaintiffs further objected to the expert disclosure dates set in the Scheduling Order, complaining that by not having simultaneous disclosure dates, the Court was not treating Plaintiffs and Defendants in the same way. Plaintiffs also have objected that the Scheduling Order did not set final pretrial dates or a trial date.

Defendants have filed a response in opposition to Plaintiffs' motion for reconsideration of the Scheduling Order. (Doc. 37). Defendants have objected that Plaintiffs are not entitled to additional time to effect service, that Plaintiffs have not established the right to proceed in forma pauperis, and that Plaintiffs are not entitled to service of any amended complaint by the U.S. Marshal. Plaintiffs have filed a reply to Defendants' response. (Doc. 43).

On July 17, 2006, Plaintiffs filed a motion to amend the complaint, submitting the proposed amended complaint with the motion (Doc. 38), and a subsequently-filed supplement to the motion to amend the complaint. (Doc. 42). On August 2, 2006, Plaintiffs filed a motion to proceed in forma pauperis (Doc. 40), supported by the hand-written affidavit of Plaintiff Araya Wolde-Giorgis. (Doc. 41). On August 7, 2006, the Dillard's Defendants filed an opposition to Plaintiffs' July 17, 2006 motion to file an amended complaint or, in the alternative, a motion to dismiss the amended complaint. (Doc. 46 & 47).

1  Plaintiffs have filed a reply (Doc. 48), supported by affidavit of Plaintiff Araya Wolde-
2  Giorgis. (Doc. 49). Defendants have filed a motion asking leave to file a surreply. (Doc.
3  52). On August 28, 2006, Plaintiffs filed another motion to amend the complaint, submitting
4  a proposed amended complaint along with the motion. (Doc. 50). Plaintiffs state that they
5  are seeking leave to file this amended complaint to correct errors in previous submissions.
6  Plaintiffs have filed an opposition to Defendants' motion to file surreply (Doc. 53) and the
7  affidavit of Plaintiff Araya Wolde-Giorgis. (Doc. 54).
8        The Court will consider Plaintiffs' motion for reconsideration of the Rule 16
9  Scheduling Order. (Doc. 35). The Court also will consider Plaintiffs' motion to amend the
10 complaint filed on July 17, 2006 (Doc. 38), as the motion was filed on the date for filing such
11 motions set in the Rule 16 Scheduling Order. The Court will consider Plaintiffs' supplement
12 to the motion to amend the complaint (Doc. 42) and the motion to proceed in forma pauperis.
13 (Doc. 40). The Court further will consider the Dillard's Defendants' opposition to Plaintiffs'
14 July 17, 2006 motion to amend the complaint or, in the alternative, motion to dismiss the
15 amended complaint (Doc. 46 & 47), as Plaintiffs have filed a response/reply to this motion.
16 (Doc. 48). The Dillard's Defendants' motion to file a surreply, which essentially is a reply
17 to Plaintiffs' response (Doc. 52), is granted.
18       The following motions are denied as moot: the Dillard's Defendants motion for partial
19 dismissal of claims and parties (Doc. 9 & 11); Plaintiffs' motion for sanctions (Doc. 21);
20 Plaintiffs' renewed motion for extension of time to accomplish service upon remaining
21 defendants (Doc. 16); Plaintiffs' motion to file an amended complaint (Doc. 24); and
22 Plaintiffs' motion for extension of time to effect service (Doc. 26); as all of these motions
23 were filed prior to the Rule 16 Scheduling Conference. The Court will not consider
24 Plaintiffs' motion to amend the complaint filed on August 28, 2006 (Doc. 50). Plaintiffs'
25 motion to amend complaint filed on August 28, 2006 (Doc. 50) is denied.
26       II.
27       <u>Plaintiffs' Motion to Amend Complaint (July 17, 2006)</u>
28       <u>and</u>

- 4 -

<u>The Dillard's Defendants' Opposition
or Motion to Dismiss Amended Complaint</u>.

Leave to file an amended pleading under Fed.R.Civ.P. 15(a) "shall be freely given when justice so requires" and this policy "'is to be applied with extreme liberality.'" <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001)(quoting <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990)). Inferences should be drawn "in favor of granting the motion" to amend. <u>Griggs v. Pace American Group, Inc.</u>, 170 F.3d 877, 880 (9th Cir. 1999). Rule 21, Fed.R.Civ.P., provides in relevant part that parties may be dropped or added "by order of the court on motion of any party ... at any stage of the action and on such terms as are just." Courts generally have applied the same equitable considerations in determining joinder or amendment. <u>Heslop v. UCB, Inc.</u>, 175 F. Supp. 2d 1310, 1316-17 (D.Kan. 2001).

In their proposed amended complaint, Plaintiffs have added as Defendants William Dillard and Dierdre Andrews, Dillard's store manager. Plaintiffs allege that on September 29, 2003, they bought pants and polo shirts from Dillard's, and on October 18, 2003, they went to the Dillard's store on Southern Avenue in Mesa, Arizona to return the merchandise. Plaintiffs allege that the Dillard's employees, specifically Defendant Andrews, refused to exchange or return the merchandise. Plaintiffs assert that they were "treated ... differently from white people in similar circumstances and discriminated against ... because of our race and color (i.e., black) and because of [their] national origin, despite the fact that [they] are naturalized American citizens." (proposed amended complaint at ¶ 3). Plaintiffs further allege that they contacted Defendant Jensen on or about October 20, 2003, but Mr. Jensen refused to exchange or return the merchandise and acted in conspiracy with Defendant Andrews. (id., at ¶ 4). Plaintiffs assert that they contacted Defendants William Dillard and Alex Dillard in Arkansas on or about October 27, 2003 but their complaint was ignored. (<u>id</u>.). Plaintiffs contend that they wrote another letter to Defendants William Dillard and Alex Dillard on or about November 24, 2003 and December 19, 2003 but these Defendants through their assistants instructed Defendants Jensen and Andrews not to exchange the merchandise. (<u>id</u>.).

- 5 -

Plaintiffs allege that Defendants William and Alex Dillard supported and engaged in the conspiratorial conduct of Defendants Jensen and Andrews. (id.). Plaintiffs assert that they have been discriminated against on account of their race and national origin and that Defendants have acted to deprive Plaintiffs of equal protection of the laws. (id.). Plaintiffs have asserted claims based on 42 U.S.C. §§ 1981, 1983, 1985 and 1986; violation of the First, Fifth and Fourteenth Amendments to the U.S. Constitution, and violation of Article II, sections 4 (due process of law), 6 (freedom of speech), and 8 (right to privacy) of the Arizona Constitution. (id.). The Dillard's Defendants have objected to the proposed amended complaint or, in the alternative, have moved to dismiss the proposed amended complaint, based on several grounds.

(A)     Requested Dismissal of the Unnamed Plaintiffs.

Defendants contend that the "unnamed family members" indicated as Plaintiffs in the style of the case should be dismissed. The Court agrees. However, Plaintiffs shall be permitted to file an amended complaint which names and describes in the style and body of the pleading the plaintiff or plaintiffs who bring this action.

(B)     Plaintiffs' Alleged Failure to Prosecute.

Defendants contend that the complaint and action should be dismissed for failure to prosecute under Fed.R.Civ.P.41(b). Defendants have supported this argument with facts indicating that they have properly served Plaintiffs with discovery requests, i.e., request for production of documents and first set of interrogatories on May 24, 2006, but Plaintiffs have not responded. Defendants also point out that Plaintiffs did not provide initial disclosures by June 16, 2006, the date set in the Rule 16 Scheduling Order, and did not respond to their service of a proposed protective order. Plaintiffs also did not cooperate in the preparation of a Joint Proposed Case Management Plan.

In determining whether dismissal is appropriate under Rule 41(b), the following five factors are to be considered:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

> cases on their merits; and, (5) the availability of less drastic sanctions.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Yourish v. California Amplifier, 191 F.3d 983, 989 (9th Cir. 1999); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). The sanction of dismissal is not favored at this point in the proceedings, in light of the public's interest in expeditious resolution of litigation, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. Plaintiffs shall have fourteen days from the filing date of this Order in which to respond to Defendants' written discovery requests, to serve Plaintiffs' initial disclosure documents and information, and in which to respond to Defendants' proposed protective order. Plaintiffs are warned that any failure to cooperate with discovery in this case may result in sanctions, including the exclusion of proposed evidence and/or dismissal of this case. Defendants' motion to dismiss this cause and action for failure to prosecute is denied without prejudice.

(C) <u>Alleged Failure to State a Claim for Relief as to all Claims Except a Claim Based on 42 U.S.C. § 1981</u>.

Defendants contend that Plaintiffs have failed to assert claims for relief under the various theories set forth except as based on violation of 42 U.S.C. § 1981. The Court construes the complaint liberally because it was drafted by pro se plaintiffs. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). When reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990). The Court must draw all reasonable inferences in favor of the non-moving party. Salim v. Lee, 202 F. Supp. 2d 1122, 1125 (C.D. Cal. 2002). Dismissal is proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Court must determine whether or not it appears to a certainty

1  under existing law that no relief can be granted under any set of facts that might be proved
2  in support of plaintiff's claims. Id.

3  The Court agrees that all of Plaintiffs' claims except as based on violation of 42 U.S.C.
4  § 1981 should be dismissed. Plaintiffs have not alleged involvement of any state action and
5  so their claims based on 42 U.S.C. § 1983 and the First, Fifth and Fourteenth Amendments
6  to the U.S. Constitution fail. See, Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.
7  2003)("[w]hile generally not applicable to private parties, a § 1983 action can lie against a
8  private party when 'he is a willful participant in joint action with the State or its agents.");
9  Dossett v. First State Bank, 399 F.3d 940, 947 (8th Cir. 2005)("[a] deprivation of rights
10 secured by the First Amendment - against the States by way of the Fourteenth Amendment -
11 requires state action."). Similarly, the Arizona courts have held that any claim based on
12 violation of Article II, Sections 4, 6 and 8 of the Arizona Constitution requires state action.
13 See Fiesta Mall Venture v. Mecham Recall Comm., 767 P.2d 719, 720-24 (Ariz. App. 1988).
14 Plaintiffs' claims based on § 1983, the First, Fifth and Fourteenth Amendments to the U.S.
15 Constitution and Article II, sections 4 (due process of law), 6 (freedom of speech) and 8
16 (right to privacy) of the Arizona Constitution, all of which require state action, must be
17 dismissed.

18 In order to plead a valid claim under 42 U.S.C. § 1985, a plaintiff must "allege
19 evidence of a conspiracy and an act in furtherance of that conspiracy." Holgate v. Baldwin,
20 425 F.3d 671, 676 (9th Cir. 2005). Plaintiffs have not alleged facts indicating an agreement
21 among the individual Defendants to deny Plaintiffs the exchange of the merchandise or facts
22 to support an act in furtherance of any alleged conspiracy. Plaintiffs' conclusory allegations
23 are insufficient to support a claim under § 1985. In addition, Defendants point out that "a
24 corporation cannot conspire with its own employees or agents as a matter of law." Schmitz
25 v. Mars, Inc., 261 F. Supp. 2d 1226, 1234-35 (D. Or. 2003)(citing Hoefer v. Fluor Daniel,
26 Inc., 92 F. Supp. 2d 1055, 1057 (C.D. Cal. 2000)). As discussed in Schmitz, the circuit
27 courts are divided over whether the "intracorporate conspiracy doctrine" applies to claims
28 brought under § 1985. Id. The majority of the circuit courts have held that the intracorporate

1  conspiracy doctrine applies to § 1985 actions, although the Ninth Circuit has not yet decided
2  the issue.  See Portman v. County of Santa Clara, 995 F.2d 898, 910 (9th Cir. 1993).  This
3  Court finds persuasive the rationale of the majority of the circuit courts of appeal.  Plaintiffs
4  therefore cannot state a claim for conspiracy under § 1985 based on the conduct of Dillard's
5  employees acting in the scope of their employment.  A violation of 42 U.S.C. § 1986 depends
6  on the existence of a valid claim under § 1985.  See Sanchez v. City of Santa Anna, 936 F.2d
7  1027, 1040 (9th Cir. 1990)("Section 1986 imposes liability on every person who knows of an
8  impending violation of section 1985 but neglects or refuses to prevent the violation.  A
9  violation of section 1986 thus depends on the existence of a valid claim under 1985.").
10  Plaintiffs' claims based on §§ 1985 and 1986 are dismissed.

11       When granting a motion to dismiss, a court is generally required to grant a plaintiff
12  leave to amend unless the amendment would be futile.  Cook, Perkiss & Liehe, Inc. v.
13  N.Cal.Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether
14  amendment would be futile, a court examines whether the complaint could be amended to
15  cure the defect requiring dismissal "without contradicting any of the allegations of [the]
16  original complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

17       Plaintiffs cannot set forth in any amended complaint cognizable claims for relief
18  based on § 1983, or the cited provisions of the U.S. Constitution or Arizona Constitution,
19  as such claims require state action.  Plaintiffs also cannot assert any cognizable claims based
20  on §§ 1985 and 1986 in light of the intracorporate conspiracy doctrine.  Plaintiffs' claims
21  based on §§ 1983, 1985, and 1986, and the cited provisions of the U.S. Constitution and the
22  Arizona Constitution, are dismissed with prejudice.

23      (D)   <u>Alleged Lack of Proper Service as to Defendants Jensen and Alex Dillard;
24             Lack of Personal Jurisdiction as to Defendants Alex Dillard and William Dillard</u>

25      Defendants move for dismissal because Plaintiffs have not effected proper service on
26  Defendants Dan Jensen or Alex Dillard.  Defendants further assert lack of personal
27  jurisdiction as to Defendants Alex Dillard and William Dillard.
28

The Court will first consider the issue of lack of personal jurisdiction. Where an evidentiary hearing is not held, dismissal for lack of personal jurisdiction is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction. Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 300 (9th Cir. 1986). Generally, uncontroverted allegations in the complaint must be taken as true. Plaintiffs allege in the proposed amended complaint that these Defendants failed to respond to Plaintiffs' written complaints and complaints via telephone. These Defendants appear to be corporate officers of Dillard's who live in Arkansas. "A corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum." Travelers Cas. & Sur. Co. of America v. Telstar Constru. Co. Inc., 252 F. Supp. 2d 917, 934 (D. Ariz. 2003)(quoting Forsythe v. Overmyer, 576 F.2d 779, 783-84 (9th Cir. 1978)).

There further does not appear to be specific jurisdiction over these Defendants. Specific jurisdiction exists only if (1) the defendant purposefully availed himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has effects in the forum; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. Travelers Cas., 252 F. Supp. 2d at 930. All three of these requirements must be met for jurisdiction over the defendant to comply with the Constitution. See Doe v. American Nat'l Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997). In this case, Plaintiffs' allegations against Defendants William Dillard and Alex Dillard are based solely on these Defendants' alleged failure to respond to Plaintiffs' written and telephone complaints regarding the exchange or return of merchandise as related through these Defendants' assistants. Plaintiffs do not allege that these Defendants had any personal contact or interaction with them. The "purposeful availment requirement ensures that defendants will not be '[haled into a jurisdiction through "random," "fortuitous," or "attenuated" contacts.'" Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)(quoting Terracom v. Valley Nat'l Bank, 49 F.3d 555, 559 (9th Cir. 1995)(quoting

1  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  Assertion of personal
2  jurisdiction over William Dillard or Alex Dillard under these circumstances would be
3  unreasonable and constitute a violation of due process.  Any amended complaint asserting
4  a § 1981 claim against these Defendants would fail based on lack of personal jurisdiction.
5  The Court has not considered any claim of lack of proper service of process under these
6  circumstances.  Defendants' motion to dismiss as to Defendant Alex Dillard based on lack
7  of personal jurisdiction is granted.  Defendants' objection to the proposed amended complaint
8  based on lack of personal jurisdiction as to Defendant William Dillard is sustained.

9  Defendants have objected to the proposed amended complaint based on lack of service
10 of process as to Defendant Jensen.  Defendant Jensen contends that he has not been served
11 at all in this case. Defendant Jensen was  named as a defendant in the original complaint.
12 Plaintiffs filed a motion to extend the time to accomplish service on February 6, 2006.  (Doc.
13 16).  Plaintiffs filed a renewed motion to extend the time to accomplish service on March 31,
14 2006.  (Doc. 26). Upon the filing of any amended complaint in which Mr. Jensen is named
15 as a Defendant, the Court will permit Plaintiffs a reasonable period of time in which to
16 accomplish service on Defendant Jensen.  Defendants' motion to dismiss, or, in the
17 alternative, objection to the proposed July 17, 2006 amended complaint  naming Dan Jensen
18 as Defendant based on lack of timely service of process is overruled.
19 //
20 //
21 //

22                                                            III.
23                              Plaintiffs' Motion to Proceed In Forma Pauperis.

24  Plaintiffs have filed a motion to proceed in forma pauperis, supported by the hand-
25 written affidavit of Plaintiff Araya Wolde-Giorgis.  Multiple plaintiffs are indicated in the
26 style of this case.  The affidavit of only one plaintiff is not sufficient to grant in forma
27 pauperis status. Plaintiffs' motion to proceed in forma pauperis (Doc. 40) is denied.  Along
28 with any proposed amended complaint, the Plaintiff or Plaintiffs in this case shall file an

- 11 -

affidavit consisting of a declaration in support of request to proceed in forma pauperis pursuant to LRCiv. 3.3 and on the proper forms approved by the Court. The Clerk of Court is directed to provide to Plaintiffs the appropriate forms for seeking leave to proceed in forma pauperis.

IV.

Plaintiffs' Motion for Reconsideration of the Rule 16 Scheduling Order.

As Plaintiffs have not satisfactorily shown in forma pauperis status, the request for service of any amended complaint by the United States Marshal is denied without prejudice. Plaintiffs' requests to set simultaneous expert disclosure deadlines, to schedule final pretrial matters, and to set a trial date are denied. Upon the filing of any amended complaint by the Plaintiff or Plaintiffs, the Court will consider a joint motion filed by the parties requesting an extension of the present expert disclosure dates, discovery cutoff and dispositive motion deadline by a reasonable period based on a showing of good cause. Plaintiffs' motion for reconsideration of the Rule 16 Scheduling Order (Doc. 35) is denied.

**Accordingly**,

**IT IS ORDERED** that the following motions are denied as moot: the Dillard's Defendants motion for partial dismissal of claims and parties (Doc. 9 & 11); Plaintiffs' motion for recusal (Doc. 17); Plaintiffs' motion for sanctions (Doc. 21); Plaintiffs renewed motion for extension of time to accomplish service upon remaining defendants (Doc. 16); Plaintiffs' motion to file an amended complaint (Doc. 24); and Plaintiffs' motion for extension of time to effect service (Doc. 26).

**IT IS FURTHER ORDERED** that Plaintiffs shall have fourteen days from the filing date of this Order in which to respond to Defendants' written discovery requests, to serve Plaintiffs' initial disclosure documents and information, and in which to respond to Defendants' proposed protective order. Plaintiffs are warned that any failure to cooperate with discovery in this case may result in sanctions, including the exclusion of proposed evidence and/or dismissal of this case.

1 **IT IS FURTHER ORDERED** that Plaintiffs' motion for reconsideration of the Rule
2 16 Scheduling Order and to accomplish service by the U.S. Marshal (Doc. 35) is denied.

3 **IT IS FURTHER ORDERED** that the Defendants' motion to file surreply, which is
4 construed as a reply to Plaintiffs' response (Doc. 52), is granted.

5 **IT IS FURTHER ORDERED** that Plaintiffs' motion to amend the complaint filed
6 on August 28, 2006 (Doc. 50) is denied.

7 **IT IS FURTHER ORDERED** that the Defendants' opposition to Plaintiffs' motion
8 to amend the complaint or, in the alternative, motion to dismiss the amended complaint (Doc.
9 46 & 47), is granted in part and denied in part as set forth in this Order.

10 **IT IS FURTHER ORDERED** that Defendants' request to dismiss this cause and
11 action for failure to prosecute is denied without prejudice.

12 **IT IS FURTHER ORDERED** that Defendants' motion to dismiss this cause and
13 action as to Defendants Alex Dillard is granted, and Defendants' objection as to Defendant
14 William Dillard is sustained, based on lack of personal jurisdiction.

15 **IT IS FURTHER ORDERED** that Defendants' motion to dismiss this cause and
16 action, or, in the alternative, objection, as to Defendant Jensen based on lack of timely
17 service of process is denied without prejudice.

18 **IT IS FURTHER ORDERED** that Plaintiffs' claims based on 42 U.S.C. §§ 1983,
19 1985 and 1986; violation of the First, Fifth and Fourteenth Amendments to the U.S.
20 Constitution, and violation of Article II, sections 4, 6, and 8 of the Arizona Constitution are
21 dismissed with prejudice.

22 **IT IS FURTHER ORDERED** that Plaintiffs' motion to amend the complaint filed
23 on July 17, 2006 (Doc. 38) is granted to the extent that Plaintiffs shall be permitted to file an
24 amended complaint as indicated in this Order by October 16, 2006.  Any amended complaint
25 shall set forth the name(s) of the plaintiff or plaintiffs who are bringing this action by
26 identifying the plaintiff or plaintiffs in the style of the case and by describing the plaintiff or
27 plaintiffs in the body of the pleading.

28

1     **IT IS FURTHER ORDERED** that Plaintiffs' motion to proceed in forma pauperis.
2 (Doc. 40) is denied without prejudice.  Along with any proposed amended complaint, any
3 plaintiff or plaintiffs proceeding in this case who desire to proceed in forma pauperis shall
4 file an affidavit consisting of a declaration in support of request to proceed in forma pauperis
5 pursuant to LRCiv. 3.3 and on the proper forms approved by the Court.  The Clerk of Court
6 is directed to provide to Plaintiff Araya Wolde-Giorgis the appropriate form for seeking leave
7 to proceed in forma pauperis.

8     **IT IS FURTHER ORDERED** that upon the filing of any amended complaint by the
9 plaintiff or plaintiffs, the Court will consider a joint motion filed by the parties requesting an
10 extension of the present expert disclosure dates, discovery cutoff and dispositive motion
11 deadline by a reasonable period based on a showing of good cause.

12     DATED this 22nd day of September, 2006.

_____
Mary H. Murguia
United States District Judge