**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Araya Wolde-Giorgis, | No. CV 06-289-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Mr. Alex Dillard, Mr. William Dillard II, Mr. Dan Jensen, Ms. Deirdre Andrews and Dillard's Inc., | |
| Defendants. | |

In this case, the Court now considers Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Dkt. # 61), Plaintiff's Motion for Reconsideration (Dkt. # 62), Plaintiff's Motion to File an Amended Complaint (Dkt. # 63), and Defendants' Response to Plaintiff's Motion to File an Amended Complaint (Dkt. ## 64 & 65).

MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed a second Motion to Proceed In Forma Pauperis (Dkt. # 61). In his Motion, Plaintiff provides, *inter alia*, that he has been unemployed since 1993 and that the only income he receives is a monthly assistance of $139 in cash, $152 in food stamps, and Section 8 housing assistance from Scottsdale Housing and Department of Economic Security. Plaintiff has provided adequate information for this Court to allow his to proceed in forma pauperis. Thus, Plaintiff's Motion for Leave to Proceed in Forma Pauperis is granted.

MOTION FOR RECONSIDERATION

Plaintiff's Motion for Reconsideration (Dkt. # 62) was filed more than 10 days after entry of Judgment. The Court has considered Plaintiff's Motion for Reconsideration under Fed.R.Civ.P. 60(b) regarding a motion for relief from judgment or order. Rule 60(b) provides in relevant part as follows:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Fed.R.Civ.P. 60(b). Motions for reconsideration are disfavored and only appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 114 S.Ct. 2742 (1994). Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs. See Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Ariz. 2003) (citing Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the court to rethink what it has already thought. Id. (citing United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998). Accordingly, courts grant such motions only in rare circumstances. See Sullivan v. Faras-RLS Group, Ltd., 795 F.Supp. 305, 308-09 (D.Ariz. 1992).

Plaintiff contends that the Court failed to adequately consider his arguments in his Motions the Court ruled on in its September 22, 2006 Order. However, Plaintiff has not

1 advanced any ground for reconsideration cognizable under Rule 60(b)(1)-(6). Nor has
2 Plaintiff shown "extraordinary circumstances" for purposes of obtaining relief under Rule
3 60(b)(6). In re Pacific Far East Lines, Inc. v. Wyle, 889 F.2d 242, 250 (9th Cir. 1989).
4 Therefore, Plaintiff's Motion for Reconsideration is denied.

LEAVE TO FILE AN AMENDED COMPLAINT

6 Leave to file an amended pleading under Fed.R.Civ.P. 15(a) "shall be freely given
7 when justice so requires" and this policy "'is to be applied with extreme liberality.'" Owens
8 v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)(quoting Morongo
9 Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). Inferences should
10 be drawn "in favor of granting the motion" to amend. Griggs v. Pace American Group, Inc.,
11 170 F.3d 877, 880 (9th Cir. 1999). Rule 21, Fed.R.Civ.P., provides in relevant part that
12 parties may be dropped or added "by order of the court on motion of any party ... at any stage
13 of the action and on such terms as are just."  Courts generally have applied the same
14 equitable considerations in determining joinder or amendment. Heslop v. UCB, Inc., 175 F.
15 Supp. 2d 1310, 1316-17 (D.Kan. 2001).

16 On October 16, 2006, Plaintiff filed a third Motion to File an Amended Complaint
17 (Dkt. # 63). On November 2, 2006, Defendants filed a Response to Plaintiff's Motion to File
18 an Amended Complaint (Dkt. ## 64 and 65). In its September 22, 2006 Order, the Court
19 granted Plaintiff's second Motion to File an Amended Complaint. Thus, Plaintiff need not
20 seek leave to file an Amended Complaint. Instead, Plaintiff is directed simply to file his
21 Amended Complaint without filing an additional Motion to Amend.

22 With regard to Plaintiff's Motion to File an Amended Complaint, the Court notes that
23 Plaintiff's attached proposed Amended Complaint is nearly identical to the Amended
24 Complaint he filed in this case on August 28, 2006. The only difference the Court can
25 discern is Plaintiff's removal of his family members as co-Plaintiffs. In fact, Plaintiff's
26 proposed Amended Complaint includes as Defendants Alex Dillard and William Dillard II,
27 and claims for relief based on 42 U.S.C. §§ 1983, 1985, and 1986, the First, Fifth, and
28

Fourteenth Amendments to the United States Constitution and Article II, sections 4, 6, and 8 of the Arizona Constitution.

The Court now reiterates to Plaintiff that in its September 22, 2006 Order (Dkt. # 58), the Court dismissed this case as to Defendants Alex Dillard and William Dillard II. The Court dismissed these Defendants for lack of personal jurisdiction.

In the same Order, the Court also dismissed with prejudice Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986; violation of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, and violation of Article II, section 4, 6, and 8 of the Arizona Constitution. The Court dismissed these claims because Plaintiff has not sued a state actor.

Federal Rule of Civil Procedure 12(f) provides in relevant part that, upon its own initiative, a court may order stricken from a pleading any immaterial or impertinent matter. The Court advises Plaintiff to make the appropriate changes to his Amended Complaint by removing dismissed Defendants and claims before filing it pursuant to the Court's September 22, 2006 Order granting Plaintiff's Motion to File an Amended Complaint. Pursuant to Federal Rule of Civil Procedure 12(f), if Plaintiff includes dismissed parties or claims in his Amended Complaint, the Court will order stricken such parties or claims Plaintiff includes that the Court has already dismissed.

**Accordingly,**

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed in forma pauperis (Dkt. #61) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. #62) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File an Amended Complaint (Dkt. #63) is denied as moot.

**IT IS FURTHER ORDERED** that pursuant to the Court's September 22, 2006 Order, Plaintiff pro se shall file an Amended Complaint. Once Plaintiff lodges his Amended Complaint, the Clerk of Court is directed to file Plaintiff's Amended Complaint.

1  **IT IS FURTHER ORDERED** that the Court grants an extension of time until November 10, 2006 for Plaintiff to file an Amended Complaint.

**IT IS FURTHER ORDERED** instructing the U.S. Marshals to serve the Amended Complaint on previously unserved Defendants, namely, Mr. Dan Jensen and Ms. Deirdre Andrews, on behalf of the Plaintiff pro se and in forma pauperis.

DATED this 3rd day of November, 2006.

_____
Mary H. Murgia
United States District Judge