**WO**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ARAYA WOLDE-GIORGIS, and his family members,<br><br>          Plaintiffs,<br><br>     vs.<br><br>MR. BRADBURY H. ANDERSON, MR. JUSTIN GUY, BEST BUY CO. OF MINNESOTA, INC., ILLINOIS NATIONAL INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP (AIG), MR. ALEX DILLARD, MR. DAN JENSEN, and DILLARD'S, INC.,<br><br>          Defendants. | No. CV 06-289-PHX-MHM<br><br>**ORDER** |

On March 1, 2007, and upon proper notice to the parties, the Court held a Status Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and Defendant Dillard's, Inc.'s Request for Rule 16 Status Conference (Doc. 70). The docket in this case shows several pending motions filed by the parties, including Defendants Dillard's, Inc.'s Motion for Sanctions for Plaintiff's Failure to Comply with Discovery Obligations and the Court's Orders (Doc. 68), Defendant Dillard's, Inc.'s Request to Enlarge Dispositive Motion Deadline (Doc. 71), and Defendants' Motion to Strike Plaintiff's Amended Complaint (Doc. 76).

Defendants Dillard's, Inc., Deirdre Andrews and Dan Jensen appeared through counsel, Lynn S. McCreary and Caroline Larsen of Bryan Cave, LLP. Plaintiff Araya Wolde-Giorgis failed to appear. The Court heard argument on Dillard's pending Motion for Sanctions, and for the reasons stated on the record and further set forth below, the Court grants Defendant's Motion to Dismiss and Motion for Sanctions for Plaintiff's Failure to Comply with Discovery Obligations and the Court's Orders, dismissing Plaintiff's case against all defendants, with prejudice, for Plaintiff's failure to comply with the Court's orders and failure to prosecute his claims pursuant Rules 26 and 37, Federal Rules of Civil Procedure.

I.  **FACTUAL BACKGROUND**

   A. **Plaintiff Has Consistently Failed and Refused to Participate in Discovery.**

Plaintiff has steadfastly refused to meaningfully participate in any phase of discovery in this action. His ongoing efforts to avoid his discovery obligations have thwarted Defendants' efforts to defend this case and have wasted judicial resources.

   **1. Plaintiff Ignored His Rule 26 Obligations.**

As an initial matter, Plaintiff failed to timely serve his initial disclosure statement as required by Federal Rule of Civil Procedure 26(a)(1) or the deadline set in the Court's Rule 16 Scheduling Order (Doc. 33), which directed the parties to exchange initial disclosures no later than June 16, 2006. On June 23, 2006 and again on July 14, 2006, Dillard's corresponded with Plaintiff, noting the delinquent initial Rule 26(a)(1) disclosure and requesting immediate response. Dillard's July 14, 2006 correspondence alerted Plaintiff to his failure to respond to discovery requests that had been properly served by Dillard's pursuant to Fed. R. Civ. P. 33 and 34. Plaintiff ignored Dillard's correspondence, and never requested any extension or otherwise communicated with Dillard's or the Court regarding his failure to fulfill his obligations under Fed. R. Civ. P. 26, 33 or 34.

On October 13, 2006, Plaintiff finally served his initial disclosure statement, along with his responses to Defendants' First Request for Production of Documents, First Set of

Interrogatories and Proposed Protective Order. Plaintiff's disclosure statement and responses were wholly deficient and failed to comply with either the Federal Rules of Civil Procedure or the Court's Order.

### 2. Plaintiff Ignored His Obligation To Respond To Written Discovery.

Dillard's properly served Requests for Production of Documents and Non-Uniform Interrogatories on Plaintiff on May 24, 2006. As described in Section I.A.1, *supra*, Plaintiff failed to respond. Furthermore, Plaintiff ignored Dillard's correspondence seeking his responses to said discovery. On October 13, 2006, Plaintiff finally served his responses to Dillard's discovery requests. In contravention of the Court's Order directing Plaintiff to respond to Dillard's discovery, Plaintiff failed to provide any substantive responses to Dillard's written discovery requests. Defendants' First Request for Production of Documents included nineteen individual requests. Plaintiff lodged some form of objection to each request, including objections that the requests were vague, not specific, overly broad, irrelevant, and/or inconsistent with the rules of discovery. As to several requests, Plaintiff stated that he "objects to such request on other grounds as well," but did not specify the grounds. Plaintiff did not produce a single document with his response. *See* Plaintiff's Response to Defendants' First Request for Production of Documents, attached as Exhibit B to Defendants Dillard's, Inc.'s Motion for Sanctions (Doc. 68).

In response to Defendants' First Set of Interrogatories, Plaintiff provided his full name, social security number and date of birth. He refused to identify the other previously named "family members" who were supposedly plaintiffs in this action, stating that he is the only party in the Amended Complaint. He otherwise objected to every other interrogatory on the grounds that the requests were irrelevant, overly broad, vague, and/or inconsistent with the rules of discovery or that Plaintiff could not waive the privacy rights of other individuals. He failed to identify the witnesses he intends to call in this case, vaguely stating that "lists of witnesses will be provided to defendants in the future."

3

### 3. Plaintiff Failed to Appear at His Properly Noticed Deposition.

On September 21, 2006, Dillard's properly noticed Plaintiff's deposition, which was scheduled for October 6, 2006 at 9:00 a.m. at the law offices of Bryan Cave LLP. (Doc. 57) There is no evidence that Plaintiff ever contacted counsel for Dillard's to indicate that he had a scheduling conflict or otherwise could not attend the deposition at the designated date and time. Lead counsel for Dillard's traveled to Phoenix, Arizona from Kansas City, Missouri and was prepared to begin the deposition on the morning of October 6. A court reporter and videographer were prepared to record the Plaintiff's deposition, as set forth in the notice properly served upon Plaintiff. Plaintiff failed to appear for his deposition, nor did he call to alert counsel to his inability to appear. A record of non-appearance was made at 9:34 a.m.

### B. Plaintiff Has Repeatedly Ignored the Court's Orders With respect To Amending His Complaint.

Plaintiff has repeatedly ignored this Court's Orders commanding him to amend his Complaint to exclude the claims and parties that are futile. Plaintiff's proposed Amended Complaints, filed on October 17, 2006 and January 18, 2007, contain the same improper parties and untenable claims for relief as Plaintiffs' earlier Complaints, without regard for the Court's September 22, 2006 Order. (*See* Doc. 58, 63 and 74) Plaintiff has repeatedly ignored the Court's Order dismissing defendants Alex Dillard and William Dillard for lack of personal jurisdiction. He further disregarded the Court's dismissal of all of Plaintiff's claims for relief, except as based on an alleged violation of 42 U.S.C. § 1981.

The Court's directive to Plaintiff was clear:

> The Court now reiterates to Plaintiff that in its September 22, 2006 Order (Doc. 58), the Court dismissed this case as to Defendants Alex Dillard and William Dillard II. The Court dismissed these Defendants for lack of personal jurisdiction. In the same Order, the Court also dismissed with prejudice Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986; violation of the First, Fifth and Fourteenth Amendments to the U.S. Constitution, and violation of Article II, section 4, 6, and 8 of the Arizona Constitution. The court dismissed these claims because plaintiff has not sued a state actor.

4

(Doc. 66). In addition, the Court advised "Plaintiff to make the appropriate changes to his amended Complaint by removing dismissed Defendants and claims before filing it." The Court ruled that any dismissed parties or claims included in the Amended Complaint would be stricken pursuant to Federal Rule of Civil Procedure 12(f).

Nonetheless, on January 17, 2007, Plaintiff filed an Amended Complaint <u>identical</u> to the Amended Complaint he filed on October 17, 2006. The Amended Complaint again names Alex Dillard and William Dillard II as Defendants and asserts claims for relief based on 42 U.S.C. §§ 1983, 1985, and 1986, the First, Fifth and Fourteenth Amendments to the United States Constitution and Article II, sections 4, 6, and 8 of the Arizona Constitution. Moreover, by Plaintiff's own admission, the Amended Complaint includes parties whom the Court has legally dismissed, which he refuses to remove based on his stated intention to seek an appeal of their dismissal at a later date (Doc. 75). Plaintiff offers no explanation for continuing to list the claims for relief that the Court has dismissed with prejudice.

**II.   PLAINTIFF'S FAILURE TO COMPLY WITH DISCOVERY AND TO OTHERWISE PROSECUTE HIS CLAIMS WARRANTS DISMISSAL OF THE ACTION.**

Plaintiff's failure to adequately respond to Dillard's written discovery requests or to appear for his deposition violates Rule 37(d), Federal Rules of Civil Procedure. The Rules permit the imposition of sanctions for the use evasive discovery tactics.

> "If a party.....fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule."

Sanctions for a party's failure to obey an order to provide or permit discovery may include "[a]n order . . . dismissing the action or proceeding or any part thereof, or

5

1  rendering a judgment by default against the disobedient party." Fed. R. Civ. P.
2  37(b)(2)(C).

3  Plaintiff failed to provide adequate responses to Dillard's written discovery
4  requests or to serve his initial disclosure statement, in breach of both the Court's Order,
5  (Doc. 58), and Federal Rule of Civil Procedure 37(b)(2).  In addition, the Court has been
6  provided evidence that Plaintiff has been wholly unresponsive to efforts by counsel for
7  Dillard's to resolve the inadequacies of his discovery responses without court
8  involvement.  Plaintiff's refusal to provide any substantive responses to Dillard's written
9  interrogatories and requests for production, compounded with his failure attend his
10 deposition, and failure to appear at the March 1, 2007 status conference warrants severe
11 sanctions under Rule 37(b)(2) and (d).

12 This Court previously put Plaintiff on notice that his continued refusal to
13 participate in discovery could result in dismissal of this action.  The Court's September
14 29, 2006 Order specifically advised:

> Plaintiffs shall have fourteen days from the filing date of this Order in which to respond to Defendants' written discovery requests, to serve Plaintiffs' initial disclosure documents and information, and in which to respond to Defendants' proposed protective order.  **Plaintiffs are warned that any failure to cooperate with discovery in this case may result in sanctions,      including the exclusion of proposed evidence and/or dismissal of this case.**

(Doc. 58) (emphasis added).

"Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).  Dismissal is specifically encouraged whether the court determines that a party "has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders." *Id.* (quoting *G-K Props. v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978)).

> Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.

*G-K Props.*, 577 F.2d 645 at 647.

The court evaluates five factors in considering whether a dismissal of default is appropriate as a Rule 37 sanction. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). They are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (citing *Malone v. United States Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987), *cert. denied,* 488 U.S. 819 (1988)).  The key factors in this consideration are prejudice and the availability of lesser sanctions. *Id.*

Plaintiff has failed to cooperate in basic discovery.  The discovery cutoff date passed on December 1, 2006, at which time Plaintiff had failed to identify any witnesses who would support his claims or provide testimony regarding his alleged damages. Plaintiff's actions, or inaction, have prevented this case from progressing at all, even though it has been pending since August 2005, putting a significant burden on the Court's docket and frustrating the public's interest in expeditious resolution of litigation. Moreover, Defendants have been unduly and severely prejudiced by Plaintiff's complete failure to meet his discovery obligations in this case.

Finally, considering this Plaintiff's history, no lesser sanction exists.  Despite Plaintiff's obligations under the Federal Rules of Civil Procedure, as well as repeated specific Court Orders, Plaintiff failed to provide his initial disclosure statement, refused to provide substantive responses to discovery requests, did not appear for his properly-noticed deposition, failed to even file a Complaint that limits the Defendants to those subject to this Court's jurisdiction and asserts viable claims, and did not appear for the March 1, 2007 status conference before this Court.  It appears Plaintiff has no intention of

prosecuting his action. As a result, this action is dismissed due to Plaintiff's wholesale disregard for the Court's Orders, the Federal Rules of Civil Procedure and the rules of this Court.

**Accordingly,**

**IT IS ORDERED** that Defendant Dillard's, Inc.'s Motion for a Rule 16 Status Conference (Doc. 70) is granted.

**IT IS FURTHER ORDERED** that Defendant Dillard's, Inc.'s Motion for Sanctions for Plaintiff's Failure to Comply with Discovery Obligations (Doc. 68) is granted.

**IT IS FURTHER ORDERED** that Defendant Dillard's, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 65) is granted. This action is dismissed in its entirety with prejudice.

**IT IS FURTHER ORDERED** that the following motions are moot in light of the Court's order of dismissal: Defendant Dillard's, Inc.'s Request to Enlarge Dispositive Motion Deadline (Doc. 71), Plaintiff's Motion to Amend/Correct his Complaint (Doc. 73), and Defendants' Motion to Strike Plaintiff's Amended Complaint (Doc. 76).

Dated this 6th day of March, 2007.

_____
Mary H. Murguia
United States District Judge